Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V ESPECIAL

| | | |
|---|---|---|
| N & V BUSINESS, LLC.<br><br>Apelado<br><br>v.<br><br>MUNICIPIO DE ADJUNTAS, por conducto de su alcalde JOSÉ HIRAM SOTO RIVERA; LEGISLATURA MUNICIPAL DE ADJUNTAS, por conducto de su presidente RAFAEL A. MUNET MALDONADO; DOMINGO EMANUELLI HERNÁNDEZ, como Secretario de Justicia del Estado Libre Asociado de Puerto Rico<br><br>Apelante | KLAN202301099 | Apelación Procedente del Tribunal de Primera Instancia, Sala de UTUADO<br><br>Caso Núm.:<br>UT2021CV00374<br><br>Sobre:<br>Injunction (entredicho provisional, injunction preliminar y permanente) y otros |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de febrero de 2024.

El 7 de diciembre de 2023, el Municipio de Adjuntas (en adelante, Municipio) instó un *Escrito de apelación,* mediante el cual nos solicitó la revocación de la *Sentencia enmendada nunc pro tunc* emitida por el Tribunal de Primera Instancia, Sala Superior de Utuado (en adelante, TPI o foro primario), el 25 de octubre de 2023, notificada al día siguiente. Mediante el aludido dictamen, el TPI enmendó la *Sentencia* dictada originalmente en el caso el 13 de junio de 2022.

Por los fundamentos que a continuación exponemos, **desestimamos** el recurso de epígrafe. Veamos.

I

El 13 de junio de 2022, notificada el día 21, el TPI dictó en la causa de epígrafe una *Sentencia* mediante la cual declaró Ha Lugar la *Acción civil, injunction preliminar y permanente; sentencia declaratoria* sometida por N&V Business, LLC., (en adelante, N&V o parte apelada). Mediante la demanda instada en dicho pleito, N&V solicitó que el TPI declarara inconstitucional la Ordenanza Municipal Núm. 05, Serie 2021-2011 titulada, *Para reglamentar el establecimiento de centros de cultivo, investigación, manufactura, laboratorio, transporte y dispensa de cannabis medicinal y productos derivados o relacionados en el cuadrante frente a la plaza de recreo del Municipio de Adjuntas* (en adelante, Ordenanza). Esta, prohibía el establecimiento de dispensarios de cannabis medicinal dentro de una distancia específica de la Plaza de Recreo del Municipio.

Consideramos que para comprender las cuestiones que el foro primario tuvo que resolver en el caso y adecuadamente atender la controversia planteada ante nos, es de suma importancia reproducir el proceso evaluativo efectuado por el TPI en dicho momento. Por ello, a continuación, reproducimos las razones expuestas por el foro primario para emitir su decisión:

[…]

Surge del contenido textual de la Ordenanza Municipal Núm. 05, que el Municipio de Adjuntas aprobó dicha ordenanza con el propósito de implementar la política pública de "promover la salud, seguridad y oportunidades de esparcimiento y recreación sanos de nuestra niñez y juventud." Para lograrlo, el Municipio de Adjuntas prioriza ante todo "mantener la Plaza de Recreo de nuestro municipio como un lugar seguro, saludable **y no expuesto a actividades que puedan comprometer ese objetivo".** (Énfasis en el original). En consecuencia, la sección primera de dicha ordenanza prohibió "el establecimiento de centros de cultivo, investigación, manufactura, laboratorio, transporte y dispensa de cannabis medicinal y productos derivados o relacionados en las calles Rius Rivera, Rodulfo González y del Castillo, Luis Muñoz Rivera y San Joaquín, en las secciones de dichas calles aledañas a la Plaza de Recreo de nuestro municipio, y que forman el cuadrante de la Plaza de Recreo". Observamos que, en apoyo a esta proposición, el texto de dicha ordenanza explica que "la Plaza de Recreo también se utiliza para actividades deportivas, culturales y para promover la sana participación de nuestra niñez y juventud a

los fines de lograr el pleno desarrollo de sus destrezas de comunicación y socialización, así como virtudes cívicas." La violación de cualquiera de sus disposiciones, según advierte la sección segunda de la Ordenanza Municipal Núm. 05, conllevará el pago de una multa de dos mil dólares ($2,000.00) o el reclamo del ente municipal para la revocación de su licencia correspondiente ante la Junta Reglamentadora del Cannabis Medicinal.

Al comparar el contenido textual de la Ordenanza Municipal Núm. 05 con la Exposición de Motivos de la Ley Medicinal, encontramos que la ley estatal indica que "la prohibición del uso recreacional del cannabis en todas sus formas, incluyendo aquellas que requieren su combustión. Del mismo modo, **no se permite el consumo público de esta sustancia, su uso en dispensarios o el acceso de menores de edad a dispensarios**. El cannabis medicinal **deberá utilizarse en lugares privados**, según definidos en esta Ley."[1] Entre los espacios prohibidos que define dicha ley, se incluye la escuela. Específicamente, el artículo 17, inciso (a) reglamenta lo siguiente:

> iii. Ninguna de las operaciones de las licencias de cultivo, investigación, manufactura, laboratorios, transporte y dispensación podrá estar a menos de cien (100) metros de una escuela pública o privada y/o centro de cuido. La Junta deberá establecer requisitos de seguridad adicionales a todo operador de licencia que se encuentre a una distancia de cien (100) metros de una escuela pública, privada y/o centro de cuido, a los fines de garantizar el bienestar de los menores de edad.

> iv. De igual forma, se prohíbe la presentación, promoción, rotulación o cualquier anuncio de un dispensario de cannabis medicinal en un radio de cien (100) metros de una escuela pública, privada y/o centro de cuido.

Como podemos apreciar, la disposición anterior establece una prohibición clara en cuanto a la distancia entre dichos espacios señalados. Ante la preocupación legítima de la parte demandada respecto a que la Plaza de Recreo y sus calles aledañas que conforman el cuadrante no estén expuestas a actividades que puedan comprometer el objetivo de "promover la salud, seguridad y oportunidades de esparcimiento y recreación sanos de nuestra niñez y juventud", coincidimos con la parte demandante en que dicho objetivo ya estaba contemplado en la Ley Medicinal al prohibir el consumo público del cannabis medicinal, y el acceso de menores, entiéndase la niñez y juventud, en dichos dispensarios, e incluso delimitar la distancia y especificar el perímetro entre las escuelas y las operaciones de cannabis. Dado que la Plaza de Recreo es considerada un lugar público en el cual está prohibido el consumo de dicha sustancia y que la Ley Medicinal provee medidas para proteger a la niñez y la juventud, concluimos que la Ordenanza Municipal Núm. 05 es redundante a esos fines. Más aun cuando la Ley Medicinal no contiene ninguna laguna normativa que amerite aclararse o complementarse con otra ley u ordenanza.

Hasta este punto, ambas legislaciones satisfacen su objetivo de proteger a la niñez y la juventud de la exposición al cannabis medicinal. Ahora bien, debemos evaluar si la propuesta de la Ordenanza Municipal Núm. 05 armoniza con el concepto de escuela pública o privada conforme a la Ley Medicinal o se crea algún conflicto entre ambas disposiciones. Como bien ha señalado la parte demandante, en la Exposición de Motivos de la Ordenanza

---

[1] Énfasis en original.

Municipal Núm. 05 se define la Oficina de Cultura y Turismo de Adjuntas como "un centro de recreación y enseñanza de artes musicales y destrezas artesanales y artísticas para nuestros jóvenes y niños", en un intento por equipararla con una "escuela" conforme a la Ley Medicinal y extenderle así la restricción a cualquier establecimiento de cannabis que se encontrara cerca de un radio de cien metros (100.00 mc) de una escuela pública, privada o centro de cuido.

Es preciso distinguir que, en términos conceptuales, la Ley Medicinal no provee un significado legal de la "escuela pública o privada". Sin embargo, al aprobar el Reglamento 9038, la Junta Reglamentadora del Cannabis Medicinal definió el término "escuela" como un centro de educación primaria y secundaria y/o centro de cuido diurno activo o en operaciones que esté autorizado por el Departamento de Educación del Gobierno de Puerto Rico (DE).

Como resultado de nuestro análisis, rechazamos el alcance que se le pretende otorgar a la Oficina de Cultura y Turismo de Adjuntas. El hecho de que ambos espacios convergen en su propósito de llevar a cabo la enseñanza no es suficiente para convencernos de que ambas legislaciones comparten el significado estatutario del concepto de "escuela". Por tal razón, coincidimos por segunda ocasión con la interpretación de la parte demandante en cuanto a que las actividades de recreación y enseñanza de artes musicales y destrezas artesanales y artísticas que se imparten en la Oficina de Cultura y Turismo de Adjuntas no se enmarcan propiamente en el concepto de "escuela" que establece la Ley Medicinal. Razonamos pues que la Ordenanza Municipal Núm. 05 es incompatible y entra en conflicto irreconciliable con la Ley Medicinal en cuanto la primera se refiere a un contexto extracurricular que en ninguna circunstancia podría considerarse subsumido en el concepto de escuela pública o privada y mucho menos en un centro de educación primaria y secundaria autorizado por el DE. A su vez, dicha pieza municipal tiene el efecto de ampliar el significado legal de "escuela" provisto por la Ley Medicinal en relación con las operaciones de cannabis para establecer prohibiciones adicionales, usurpando de tal modo un campo que está expresamente ocupado por la ley estatal antes citada y que únicamente podría modificarse por decreto de la Asamblea Legislativa y no mediante la aprobación de una ordenanza municipal.

Concluimos que la aprobación de la Ordenanza Municipal Núm. 05 constituyó un acto *ultra vires* que carece de validez por tratarse de una pieza contraria a la Ley Medicinal, cuya norma es de rango superior a la ordenanza impugnada, y que a la luz de lo anteriormente expuesto hemos determinado que sus disposiciones no armonizan entre sí.

En virtud de este análisis, el foro primario resolvió que la Ordenanza Municipal del Municipio de Adjuntas era inconstitucional e inválida. Además, le ordenó al Municipio de Adjuntas a expedir las patentes municipales a la parte demandante, una vez se acreditara el pago o la consignación de los arbitrios de construcción "**junto a la licencia**

**correspondiente para autorizar la operación del dispensario de cannabis medicinal."**

El 24 de julio de 2023, N&V sometió una *Solicitud de enmienda a la sentencia nunc pro tunc* en la que informó que tras haberse declarado inconstitucional la Ordenanza sometió ante el Departamento de Finanzas del Municipio de Adjuntas la documentación necesaria para la expedición de la patente municipal, incluyendo la *Notificación de precualificación de licencia para establecimiento de cannabis medicinal*. De igual manera, indica que, ante la falta de una respuesta, emitió comunicación escrita a dicho departamento reiterando la petición para la expedición de la patente. En respuesta a dicha misiva, según indicó la parte apelada, el Director del Departamento de Finanzas del Municipio remitió una misiva en la que indicó que según el lenguaje de la sentencia dictada, para expedir la patente se requería la presentación de la **licencia** para autorizar la operación del dispensario.

Ante los hechos relatados, N&V argumentó que la interpretación literal que el Municipio está efectuando de la sentencia dictada crea un absurdo jurídico, ya que para la concesión de la licencia a la que esta alude, es necesaria la expedición de la patente municipal; documento que el Municipio se negaba a expedir por alegadamente ser necesaria en virtud del texto de la sentencia dictada. Por ello, y considerando que el asunto medular concedido por la sentencia era la declaración de inconstitucionalidad de la Ordenanza, solicitó se enmendara la sentencia a los fines de corregir la omisión de la palabra precualificación.

El Municipio sometió su oposición a la solicitud de enmienda. En esta, negó que la enmienda solicitada se tratara de un mero error de forma y afirmativamente estableció que la patente municipal no es requisito para operar. N&V replicó este escrito; mientras que el Municipio, por su parte, sometió una dúplica a la réplica. Con el beneficio de estos documentos, el

TPI emitió *Sentencia Enmendada Nunc Pro Tunc*. En esta incluyó como nota al calce 1, lo siguiente:

> Esta sentencia se enmienda a petición de la Parte Demandante con el único propósito de aclarar el lenguaje omitido en el inciso (ii) de la quinta parte de la Sentencia en lo que respecta a la sustitución de la "licencia correspondiente" por la "precualificación de la licencia". Ello es corroborable con el formulario CM-L-01, titulado "Solicitud para licencia de cannabis medicinal" emitido por la Junta Reglamentadora del Cannabis Medicinal adscrita al Departamento de Salud de Puerto Rico, de cuyo documento tomamos conocimiento judicial en cuanto a la mención de la patente municipal para solicitar la licencia de cannabis medicinal. Advertimos que dicha enmienda no varía el dictamen original en sus méritos que ya advino final y firme, pues la aclaración del referido inciso no es sustancial a la controversia adjudicada por el tribunal sobre la inconstitucionalidad de la ordenanza municipal.

La sentencia enmendada modificó el inciso (ii) de la parte dispositiva a los efectos de ordenarle al Municipio a expedir la patente municipal una vez se acreditara el pago o la consignación de los arbitrios de construcción junto a la **precualificación de la licencia** correspondiente para autorizar la operación del dispensario de cannabis medicinal.

En desacuerdo, el Municipio instó el recurso de apelación de epígrafe y alegó que se equivocó el foro primario al emitir la sentencia enmendada. Específicamente, negó que la modificación incluida en la enmienda se tratara de un error de forma y, en contrario, arguyó que mediante la enmienda efectuada se le reconoció algo a lo que N&V no tiene derecho.

A los fines de establecer que la enmienda efectuada está impedida, el Municipio señala que en la demanda N&V no solicitó como remedio específico que se expidiera la patente municipal "una vez se acredite el pago o consignación de los arbitrios junto a la pre-cualificación de licencia correspondiente para autorizar la operación del dispensario de cannabis medicinal", como compareció a requerir al solicitar la enmienda a la sentencia. Así, argumenta que la razón para no haber solicitado tal remedio fue que conforme el documento de precualificación de licencia claramente establece, la expedición de este documento **no** constituye una licencia.

También plantea que, dado que la precualificación no le otorga el derecho a operar- necesitándose la expedición de una licencia para ello-, el habérsele concedido la emisión de la patente municipal sujeta a la producción de la precualificación constituyó el reconocimiento de un derecho que no fue reconocido en la sentencia original. Es precisamente por todo ello, que reclama que la enmienda realizada no trata de un mero error de forma y debe ser revocada.

N&V por su parte, en su *Alegato de la parte apelada N&V Business, LLC.* afirma, que los argumentos del Municipio se aferran a una interpretación literal y absurda de la porción de la sentencia proponiendo un absurdo jurídico contrario y en abstracción total de la regulación vigente. Esto, debido a que la patente municipal es requisito para la expedición por parte de la Junta Reglamentadora de la correspondiente licencia. Así, discute que la enmienda se hizo para corregir una omisión insustancial que en nada afecta el asunto medular concedido por el tribunal; la inconstitucionalidad de la ordenanza municipal. Por último, asevera que la expedición de la licencia se trata de un trámite administrativo que se rige por sus propias reglas y que no es parte del dictamen del caso, por lo que la sentencia ni siquiera tenía que hacer mención de ello.

Aparte de su alegato, N&V sometió una *Moción de desestimación por falta de jurisdicción* en la que alega que el recurso instado por el Municipio trata realmente de un *certiorari,* por lo que el término para instar el recurso era de 30 días, habiéndose pues radicado el mismo en el presente caso tardíamente. Al día de hoy el Municipio no ha comparecido en oposición de este escrito. Con el beneficio de la comparecencia de las partes, damos por sometido el asunto y procedemos a resolver.

II

-*A*-

Mediante la sentencia se adjudican las controversias habidas en un pleito y se definen los derechos de las partes involucradas. Vélez v. A.A.A., 164 DPR 772, 791 (2005); Falcón Padilla v. Maldonado Quirós, 138 DPR 983, 989 (1995) y Cárdenas Maxán v. Rodríguez, 119 DPR 642, 656 (1987). La Regla 49.1 de Procedimiento Civil, *supra,* permite que los errores de forma en las sentencias, así como en las órdenes u otras partes del expediente, puedan corregirse por el tribunal mediante una enmienda *nunc pro tunc*. Tal enmienda, puede realizarse en cualquier momento, a iniciativa propia o a solicitud de parte. Otero Vélez v Schroder Muñoz, 200 DPR 76 (2018); Security Ins. Co. v. Tribunal Superior, 101 DPR 191, 202 (1973).

Por ser de naturaleza *nunc pro tunc*, las enmiendas se retrotraen a la fecha de la sentencia o resolución original. Otero Vélez v Schroder Muñoz, *supra;* Vélez v. A.A.A., *supra*; S.L.G. Coriano-Correa v. K-mart Corp., 154 DPR 523, 530 (2001); y otros. Estas, deberán estar siempre sostenidas por el expediente del tribunal. Asimismo, cuando ya ha transcurrido en exceso el término dispuesto por ley para apelar o solicitar revisión de la sentencia u orden, las enmiendas solicitadas no podrán menoscabar los derechos ya adquiridos por cada litigante. El criterio rector para conocer la fecha a la que se retrotrae la enmienda es que es que la cuestión a ser enmendada no conlleve la alteración de un derecho sustantivo, sino la corrección de una mera inadvertencia. Otero Vélez v Schroder Muñoz, *supra*.

Nuestra jurisprudencia reconoce como los errores de forma más comunes aquellos clericales u oficinescos, los errores mecanográficos, los errores en nombres de personas, lugar, fechas, números o cifras. Vélez v. A.A.A., *supra* a la pág. 792 y S.L.G. Coriano-Correa v. K-mart Corp, *supra*, a la pág. 530. Así pues, mediante la herramienta provista por la Regla 49.1 de Procedimiento Civil, *supra,* puede añadirse como condena entregar frutos luego de que se ha reconocido el derecho de propiedad de una parte. Además, se puede permitir dar una descripción completa en la sentencia de

una propiedad en disputa. <u>S.L.G. Coriano Correa v. K-mart Corp.</u>, *supra*, a la pág. 530.

*-B-*

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. <u>Beltrán Cintrón et al. v. ELA et al.</u>, 204 DPR 89, 101 (2020); <u>Torres Alvarado v. Madera Atiles</u>, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. <u>Allied Mgmt. Group v. Oriental Bank</u>, 204 DPR 374, 386 (2020); <u>S.L.G. Szendrey-Ramos v. F. Castillo</u>, 169 DPR 873, 882 (2007). Por ende, las cuestiones relativas a la jurisdicción pueden considerarse *motu proprio* o a petición de parte, en cualquier etapa de los procedimientos, incluso en la apelativa. <u>Rosario Domínguez et als v. ELA et al.</u>, 198 DPR 197, 206 (2017); <u>Ríos Martínez, Com. Alt. PNP v. CLE</u>, 196 DPR 289 (2016).

La ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal. <u>Allied Mgmt. Group v. Oriental Bank</u>, *supra*; <u>Peerless Oil v. Hnos. Torres Pérez</u>, 186 DPR 239, 250-251 (2012). De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo.

De conformidad con lo anterior, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83, la cual regula el desistimiento y la desestimación,

nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

### III

Según arriba consignamos, N&V sometió una moción mediante la cual alega que carecemos de jurisdicción para atender el recurso de epígrafe debido a que la presentación de este fue tardía. Específicamente, arguye que la decisión apelada se trata de una determinación discrecional en la que se corrige un error de forma contenido en una sentencia, por lo que alega que el vehículo adecuado para recurrir de dicha decisión es el auto de *certiorari*. Así pues, señala que conforme la Regla 32 del Reglamento del Tribunal de Apelaciones, el término jurisdiccional para someter un *certiorari* es de 30 días y que el recurso sometido por el Municipio se presentó a los 42 días de haberse enmendado la sentencia.[2]

Como se sabe, los asuntos jurisdiccionales deben ser atendidos con preferencia. Asimismo, y conforme discutimos en la porción relativa al derecho aplicable de esta *Sentencia*, el criterio factor para conocer la fecha a la que se retrotrae la enmienda efectuada a una sentencia bajo la Regla 49.1 de Procedimiento Civil, *supra,* es que el cambio realizado no altere un derecho sustantivo, sino que se trate de la corrección de una mera inadvertencia. <u>Otero Vélez v. Schroder Muñoz</u>, *supra.* Ello así, **ya que los errores de forma no tienen el efecto de interrumpir el término dispuesto en nuestro ordenamiento jurídico para instar los remedios posteriores a la sentencia**. <u>Vélez v. A.A.A.</u>, *supra*, a la pág. 790. Por tanto, ante el reclamo de ausencia de jurisdicción de N&V debemos antes que nada determinar si la enmienda efectuada a la sentencia del caso de epígrafe trata de un mero error de forma que ocasiona que el dictamen se retrotraiga a la fecha en que

---

[2] Recordemos que el término jurisdiccional para instar un recurso de *certiorari* es de 30 días, aún en pleitos en los que el Estado es parte. Véase, <u>Abrams v. ELA</u>, 178 DPR 914, 929 (2010).

originalmente se dictó o, si por el contrario, estamos ante una enmienda sustantiva que activa un nuevo término para instarse apelación. Veamos.

En la parte dispositiva de la *Sentencia* emitida el 13 de junio de 2022, el foro primario le ordenó al Municipio a expedir la patente municipal a favor de N&V, condicionado esto a que se acreditara el pago de los correspondientes arbitrios de construcción y la presentación de la **licencia correspondiente** para autorizar la operación del dispensario de cannabis medicinal. Una lectura de la sentencia, particularmente de la porción arriba transcrita, demuestra que tal remedio respondió a que al contraponer las disposiciones de la Ordenanza Municipal con aquellas de la Ley 42-2017, el foro primario concluyó que era imposible armonizar las disposiciones de ambas regulaciones.

En virtud de ello, **y debido a que la Ley 42-2017 contiene una cláusula de supremacía** y una prohibición clara en cuanto a la distancia en la que está prohibido el establecimiento de un dispensario de cannabis medicinal cerca de una escuela, el TPI dictaminó que las medidas contenidas en la Ordenanza Municipal- ante aquellas establecidas en la Ley 42-2017 para proteger a la niñez y juventud-, eran redundantes. Habiéndose decretado la nulidad de la ordenanza, como remedio a favor de N&V, el foro primario le ordenó al Municipio expedir la patente municipal correspondiente, sujeto a, entre otras cosas, la presentación de la **licencia** que le autoriza a operar como un dispensario de cannabis medicinal.

Posteriormente, y a solicitud de N&V con oposición del Municipio, se emitió la sentencia *nunc pro tunc* apelada a los únicos fines de enmendar la parte dispositiva. Particularmente, para disponer que el documento que debe entregarse al Municipio para la expedición de la patente municipal es la **precualificación de la licencia**. En la nota alcance número 1 de la sentencia, el TPI hizo constar lo que a continuación transcribimos:

[1] Esta sentencia se enmienda a petición de la Parte Demandante con el único propósito de aclarar el lenguaje omitido en el inciso (ii) de

la quinta parte de la Sentencia en lo que respecta a la sustitución de la "licencia correspondiente" por la "precualificación de la licencia". **Ello es corroborable con el formulario CM-L-01, titulado "Solicitud para licencia de cannabis medicinal" emitido por la Junta Reglamentadora del Cannabis Medicinal adscrita al Departamento de Salud de Puerto Rico, de cuyo documento tomamos conocimiento judicial en cuanto a la mención de la patente municipal para solicitar la licencia de cannabis medicinal.** Advertimos que dicha enmienda no varía el dictamen original en sus méritos que ya advino final y firme, pues la aclaración del referido inciso no es sustancial a la controversia adjudicada por el tribunal sobre la inconstitucionalidad de la ordenanza municipal. (Énfasis nuestro).

Como puede observarse de lo antes transcrito, el tribunal explicó que la enmienda se hacía para sustituir la frase "licencia correspondiente" por "precualificación de la licencia". También se advierte que el foro primario expresó que el error u omisión era corroborable mediante el formulario CM-L-01 (*Solicitud para licencia de cannabis medicinal*) emitido por la propia Junta Reglamentadora del Cannabis Medicinal. Específicamente, según señaló, de la porción en la que se establece que la patente municipal es uno de los requisitos para poder solicitar la licencia.

Hemos corroborado la sección de cumplimiento con leyes y reglamentos del formulario señalado por el TPI. Constatamos que, efectivamente, la patente municipal es uno de los requisitos que la Junta Reglamentadora establece para que pueda expedirse una licencia a un dispensario de cannabis medicinal para operar. Siendo ello así, nos es forzoso concluir que la enmienda efectuada, como tuvo a bien explicar el TPI, se hizo a los efectos de corregir el título del documento que N&V debía someter junto con acreditación o consignación de los arbitrios de construcción, para la emisión de la patente municipal **y no para reconocerse un derecho adicional previamente no brindado.**

Quiere decir, pues, que estamos ante una enmienda *nunc pro tunc* realizada a los fines de corregir una omisión o inadvertencia; o sea, un error de forma. Esto causa que, conforme el derecho expuesto, la enmienda se retrotraiga a la fecha original de emisión. **O sea, que no se activó en el**

**pleito un nuevo término para que pueda apelarse, tal como lo sugiere la parte apelante.**

En el presente caso, la sentencia enmendada fue originalmente dictada el <u>13 de junio de 2022</u>. Retrotrayéndose la enmienda a esta fecha, es más que claro que el término de treinta (30) días para recurrir en revisión judicial en el presente caso ya expiró, siendo este dictamen hoy día uno final y firme.

IV

Por virtud de todo lo consignado declaramos **Ha Lugar** la *Moción de desestimación por falta de jurisdicción* sometida por N&V y, en consecuencia, desestimamos la apelación de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones